**SAVE THE DUNES COUNCIL, INCORPORATED, Plaintiff–Appellant,**

v.

**Manuel LUJAN, Jr.,[1] individually and as Secretary of the Interior, Defendant–Appellee.**

**No. 89–2412.**

United States Court of Appeals, Seventh Circuit.

Argued Jan. 22, 1990.

Decided April 10, 1990.

Rehearing and Rehearing En Banc Denied May 11, 1990.

---

**1.** As originally filed, the present appeal named William P. Clark as defendant-appellee. Pursuant to Fed.R.App.P. 43(c)(1), we have substituted his successor at the Department of the Interior as the appropriate defendant-appellee in this proceeding.

Edward W. Osann, Jr., Chicago, Ill., Patrick A. Parenteau, Washington, D.C., Donald J. Evans, Evans & Evans, Valparaiso, Ind., for plaintiff-appellant.

Andrew B. Baker, Jr., Asst. U.S. Atty., Office of the U.S. Atty., Paul A. Rake, Douglas B. Stebbins, Charles W. Webster, Eichhorn, Eichhorn & Link, Hammond, Ind., Jeffrey P. Kehre, Jacques B. Gelin, Dept. of Justice, Land & Natural Resources Div., Washington, D.C., for defendant-appellee.

Paul A. Rake, Charles W. Webster, Eichhorn, Eichhorn & Link, Hammond, Ind., for amicus curiae, Northern Indiana Public Service Co.

Before CUMMINGS, FLAUM, and RIPPLE, Circuit Judges.

PER CURIAM.

This is a mandamus action brought by the Save the Dunes Council, Inc. ("Council") to compel the Secretary of the Interior ("Secretary") to purchase Crescent Dune owned by *amicus curiae* Northern Indiana Public Service Company ("Nipsco").

In August 1978 the Secretary filed suit in the court below to condemn part of the Crescent Dune, namely, Tract No. 96–101 of area III–B. Nipsco objected to the condemnation, which supposedly had been authorized by Congress in 16 U.S.C. § 460u–12. However, this 1976 provision required the Secretary to acquire the entire Crescent Dune within two years [2] for $800,000. On September 7, 1983, Nipsco and the United States submitted a stipulation and joint motion to dismiss the condemnation suit on the ground that the land was "no longer required by the plaintiff." This prompted the Council on October 19, 1983, to seek mandamus to compel the Secretary to acquire Tract No. 96–101 of the Crescent Dune for the Indiana Dunes National Lake Shore.[3] On April 10, 1986, the district court granted the Council's motion for preliminary injunction and ordered the Secretary to withdraw the stipulation and joint motion to dismiss filed in the condemnation proceeding. Approximately two months thereafter, the Secretary filed a motion to vacate the preliminary injunction and to dismiss the mandamus proceeding. This motion was granted on May 8, 1989, causing the Council to file the present appeal.[4]

The Council is a not-for-profit corporation whose primary purpose has been the preservation of the Indiana Dunes for public use and enjoyment. The Secretary is in charge of administering the National Park Service, including the national park known as the Indiana Dunes National Lake Shore. The Council lobbied successfully for the passage of the following 1976 statute:

> The Secretary shall acquire the area on the map referred to in section 460u of this title as area III–B [the Crescent Dune] within two years from the effective date of this section [October 18, 1976] only if such area can be acquired for not more than $800,000, exclusive of administrative costs of acquisition, as adjusted by the Consumer Price Index: *Provided,* That the Secretary may not acquire such area by any means after two years from the effective date of this section.

16 U.S.C. § 460u–12.

The statute was meant to add the entire Crescent Dune to the National Park which had been established in 1966. In the Senate Report covering the above statute, the Crescent Dune was described as follows:

> This is a highly scenic sample of dunes shoreline, with crescent-like formation of the beach that makes a pleasant little

---

2. The fact that any prospective purchase of the land would be beyond the "within two years" requirement of the statute is not at issue here, having been resolved in the Council's favor in an earlier proceeding. Council App. at A6 n. 1.

3. In its principal brief before us, the Council advocates compelling the Secretary to purchase the entire area III–B, not just Tract No. 96–101 (Br. 7–8, 16).

4. Prior aspects of this litigation are described in *United States v. 36.96 Acres of Land,* 754 F.2d 855 (7th Cir.1985), certiorari denied *sub nom. Save the Dunes Council, Inc. v. United States,* 476 U.S. 1108, 106 S.Ct. 1956, 90 L.Ed.2d 364, where we affirmed the district court's denial of the Council's motion to intervene in the condemnation action.

bay frequently used for swimming. There are impressive saddle-shaped dunes, 80 feet high, behind the beach that serve as a buffer between the scenic Mount Baldy area to the west and the NIPSCO generating plant. S.Rep. No. 1189, 94th Cong. 2d Sess. 12 (1976), *reprinted in* U.S.Code Cong. & Admin.News 1976, 5636–5637. This area was meant to be used for a boat anchorage and for beach use.

In acting for the district court, the magistrate explained why the Council was being denied mandamus. He pointed out that the Secretary was only authorized to acquire the entire area III–B (not just Tract No. 96–101) and then only if it could be acquired for not more than $800,000. At the same time that it passed the statute authorizing the purchase, Congress had received an estimate valuing the property at $1,762,000. S.Rep. No. 1189, 94th Cong. 2d Sess. 12 (1976), U.S.Code Cong. & Admin. News 1976, 5636–5637. Therefore it was obvious that Congress' enactment of this legislation was unrealistic since the Crescent Dune could not be purchased for $800,000. Indeed another independent appraiser in the following year estimated the fair market value of this property at $1,109,750. Government Br. 20 n. 12. Therefore, as the magistrate concluded, objectively speaking, "there could be no dispute that the Secretary did not have the authority under the statute to acquire" area III–B. Furthermore, on its face the statute did not permit the Secretary to purchase less than the entire area III–B.

Since Congress did not authorize the acquisition of the Crescent Dune for more than $800,000 and since it was impossible to acquire it for $800,000, the Secretary had discretion to abort his August 1978 condemnation action. Therefore mandamus will not lie. *United States v. 36.96 Acres of Land*, 754 F.2d at 860; *Flynn v. Shultz*, 748 F.2d 1186, 1194 (7th Cir.1984), certiorari denied, 474 U.S. 830, 106 S.Ct. 94, 88 L.Ed.2d 77. While we sympathize with the Council's aim to enlarge the Indiana

Dunes National Lake Shore by adding area III–B, its remedy is to seek an amendment to 16 U.S.C. § 460u–12. We are not empowered to effectuate that relief.

The judgment for the defendant is affirmed.

RIPPLE, Circuit Judge, concurring.

I concur in the result. The plaintiff's complaint requested that the district court order the Secretary of the Interior to purchase an area less than the entire tract noted in the statute.[1] While the statute may authorize such a purchase, it hardly requires it. Therefore, the complaint seeks an order that would require the Secretary to perform a discretionary act. Mandamus is not available under such circumstances.

On this basis, I join the judgment of the court.

---

1. Appellant's vague references to the contrary in the statement of the issue and conclusion of its appellate brief cannot expand, of course, the scope of the complaint. *See Runnemede Owners, Inc. v. Crest Mortgage Corp.*, 861 F.2d 1053, 1057 (7th Cir.1988).